United States District Court
Southern District of Texas
**ENTERED**
July 21, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUANESSIA HALL, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-2566 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The United States has moved to dismiss Juanessia Hall's claims for failure to exhaust her administrative remedies, as required by the Federal Tort Claims Act. (Docket Entry No. 3). Hall did not respond to the government's motion. Based on the motion, the pleadings, and the applicable law, the court grants the motion to dismiss. Hall's claims against the government are dismissed, without prejudice. The reasons are set out below.

**I.     Background**

Hall sued Houston Area Community Services Inc. d/b/a Avenue 360 Health and Wellness ("Avenue 360"), a medical facility. Hall alleges that an x-ray technician at Avenue 360 touched her without her consent during two visits in 2021. (Docket Entry No. 1-20 at 3). Hall alleges that she reported the assaults to the technician's supervisor, and that the technician was terminated as a result. (*Id.*). Hall generally alleges that Avenue 360 owed a duty to provide her care "and to, at a minimum, maintain a reasonably safe environment for [her] to receive the services rendered." (*Id.* at 4).

The United States removed and substituted Avenue 360 as a defendant. (Docket Entry No. 1). At the time of the alleged incident, Avenue 360 was an entity that the Secretary of Health and

Human Services had "deemed" to be a Public Health Service entity eligible for coverage under the Federal Tort Claims Act. (Docket Entry No. 1-30). The United States is the proper defendant for a claim against Avenue 360 under the Federal Tort Claims Act. *See* 28 U.S.C. § 2679(d).

## II.     The Legal Standard for Dismissal under Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) calls into question the district court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) (quoting reference omitted). The party invoking the court's jurisdiction carries the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

## III.    Analysis

Exhaustion is a jurisdictional prerequisite of the Federal Torts Claim Act. The Act creates a limited waiver of sovereign immunity for suits against the United States for the negligent or wrongful acts or omissions of its employees while acting within the scope of their employment. *See* 28 U.S.C. §§ 2671–2680. Before a plaintiff can sue under the Act, the plaintiff must "present[] the claim to the appropriate Federal agency," and the agency must have finally denied the claim. 28 U.S.C. § 2675(a). This requirement is jurisdictional. *See id.*; *see, e.g.*, *Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019). A claim is denied when the agency has affirmatively done so "in writing and sent [it] by certified or registered mail." 28 U.S.C. § 2675(a). A claim is also denied if the agency fails "to make final disposition of a claim within six months after it is filed." *Id.*

Hall has not presented her claim to the appropriate federal agency. Hall's petition does not allege exhaustion under the Federal Tort Claims Act. The relevant government agency, Health and Human Services, has not located any record of an administrative tort claim filed by Hall. *See* (Docket Entry No. 3-1). Because the jurisdictional prerequisite of exhaustion has not been met, the court dismisses without prejudice for lack of subject matter jurisdiction.

**IV.   Conclusion**

Hall's claims against the government are dismissed, without prejudice.

SIGNED on July 21, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge